**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mark Allen SKAR and Norman Anthony Meyer, aka Bob Meyer, Defendants–Appellants.**

**Nos. 02–30320, 02–30324.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 16, 2003.

Carl E. Rostad, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Federal Defenders Office, David F. Ness, Esq., Federal Defenders of Montana Great Falls Office, Great Falls, MT, for Defendant–Appellant.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, THOMAS and PAEZ, Circuit Judges.

### MEMORANDUM **

In this consolidated appeal, Mark Alan Skar and Norman Anthony Meyer challenge their sentences, imposed following their guilty-plea convictions to manufacture of a satellite piracy device, in violation of 47 U.S.C. § 605(e)(4), and aiding the illegal interception of satellite communications, in violation of 18 U.S.C. §§ 2, 2511(1)(a), respectively. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

Skar and Meyer contend they are exempt from the penalties imposed by 18 U.S.C. § 922(g)(1) because their convictions are for offenses relating to the regulation of business practices under 18 U.S.C. § 921(a)(2)(A). The district court found that it lacked jurisdiction to consider this issue, and we agree. Reviewing de novo, *United States v. Errol D., Jr.,* 292 F.3d 1159, 1161 (9th Cir.2002), we conclude that Skar and Meyer lack standing because the possibility of future harm is too conjectural. *See Eggar v. City of Livingston,* 40 F.3d 312, 316–17 (9th Cir.1994). Accordingly, the district court was correct to find that it lacked jurisdiction.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

